IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SARAH B. SELLS,

        Plaintiff,

v.                                                                          No. 1:18-cv-1095-KRS

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 18), filed April 12, 2019, the Commissioner's response in opposition (Doc. 19), filed June 19, 2019, and Plaintiff's reply (Doc. 20), filed July 24, 2019. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion is DENIED.

### I. PROCEDURAL BACKGROUND

On November 18, 2015, Plaintiff filed an application for disability insurance benefits, alleging that she had been disabled since September 17, 2015, due to a slipped disc, spinal nerve stenosis, chronic lower back pain, and chronic right hip pain. (AR 283, 314, 327). After denials at both the initial and reconsideration levels of review (AR 201, 214), Plaintiff was granted a hearing before administrative law judge ("ALJ") Ben Ballengee.

In the April 23, 2018 written decision that followed, ALJ Ballengee engaged in the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since September 17, 2015.[2] (AR 131). At step two, ALJ Ballengee found that Plaintiff has the severe impairment of lumbar degenerative disc disease. (*Id.*). At step three, the ALJ determined that Plaintiff's impairment did not meet or medically equal the severity of a listed impairment. (AR 132). ALJ Ballengee next assessed Plaintiff's residual functional capacity ("RFC"),[3] finding that Plaintiff has the RFC to:

> perform sedentary work as defined at 20 CFR 404.1567 and SSR 83-10, except that she can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She should never be exposed to unprotected heights; moving mechanical parts; extreme cold; or vibration.

(AR 133).

With this assessment at hand, ALJ Ballengee concluded, at steps four and five, that Plaintiff was able to perform her past relevant work as an "Eligibility Worker" and thus was not disabled. (AR 138-39). In response to the ALJ's unfavorable decision, Plaintiff filed written exceptions with the Appeals Council and submitted additional evidence for the Council's consideration. (AR 1).

On September 25, 2018, the Council denied Plaintiff's request for review and determined that the evidence Plaintiff submitted "does not relate to the period at issue." (AR 1-2). Now that the Commissioner's decision is final, *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000), Plaintiff's request for review is properly before the Court. 42 U.S.C. § 405(g).

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. (AR 131).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## III. ANALYSIS

Plaintiff bases her request for reversal and remand on contentions that (1) the Appeals Council erred in determining that the evidence she submitted after the ALJ rendered his decision was not chronologically pertinent; (2) ALJ Ballengee improperly rejected the opinions of her treating providers, Koijan Kainth, M.D. and Meghan Nipper, Physician Assistant ("PA Nipper"); and (3) ALJ Ballengee's RFC determination is not based on substantial evidence as the ALJ

failed to account for her subjective allegations of pain and other symptoms. (Doc. 18, p.1). For the reasons set forth below, the Court finds that Plaintiff's arguments are without merit.

### A. The Appeals Council's Evidence Determination

On August 17, 2018, Vocational Rehabilitation Counselor, Angela Gazzara, MS., CRC ("CRC Gazzara"), prepared a Vocational Evaluation on Plaintiff's behalf. (AR 10-13). Plaintiff submitted this evidence to the Appeals Council in conjunction with her request for review. However, as noted above, the Council was not persuaded by the evaluation, stating that "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 23, 2018." (AR 2).

In her evaluation, CRC Gazzara explained that she met with Plaintiff for two hours on June 14, 2018, and reviewed the ALJ's decision as well as the evidence before the ALJ, including: medical source statements from Dr. Kainth and PA Nipper; Plaintiff's function report, work history report, and medical records; a third party statement submitted by Plaintiff's husband; and the description for Eligibility Worker. (AR 10). CRC Gazzara concluded that, based on her own observations as well as the records provided, Plaintiff "is unable to work in any position, full or part-time as the pain is a significant distraction from any work tasks." (AR 13).

Plaintiff argues that the evaluation is chronologically pertinent as it relied on evidence—the aforementioned statements, reports, and records—from the relevant time frame. (Doc. 18, p. 14). Defendant counters that "Ms. Gazzara's report was written four months after the ALJ decision and amounted to an opportunity for her to review the ALJ decision and critique it, rather than providing a truly independent vocational opinion from the relevant period." (Doc. 19, p. 11). The Court agrees with Defendant.

Per 20 C.F.R. § 404.970(a)(5), the Appeals Council will consider additional evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." Evidence is new "if it is not duplicative or cumulative" and material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quotation omitted). "If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

In the case at bar, CRC Gazzara evaluated Plaintiff on June 14, 2018, nearly two months after ALJ Ballengee rendered his decision. (AR 10-13, 139). While the CRC's personal evaluation of Plaintiff is new evidence, it does not "relate[] to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5). The fact that CRC Gazzara reviewed evidence from Plaintiff's disability claim, including medical evidence from the relevant timeframe, does not change this outcome.

Plaintiff cites to *Archuleta v. Berryhill*, No. 1:17-CV-00546-KRS, 2018 WL 4251774, at *2 (D.N.M. Sept. 6, 2018) for the proposition that evidence is "chronologically pertinent where it relied on information from a period before the ALJ's decision." (Doc. 18, p.14). However, Plaintiff's reliance on this case is misguided. In *Archuleta*, the Court found that a medical assessment completed by the plaintiff's primary care provider after the ALJ's decision but based on the provider's own medical findings from the timeframe in question was temporally relevant. *Archuleta v. Berryhill*, No. 1:17-CV-00546-KRS, 2018 WL 4251774, at *2 (D.N.M. Sept. 6, 2018). In contrast, CRC Gazzara's only interaction with Plaintiff occurred on June 14, 2018, and

the CRC's review of medical opinions and statements provided by other individuals does not translate into a temporally relevant finding.

Further, the reports, records, and statements that CRC Gazzara reviewed was all evidence that the ALJ considered and weighed in his decision. As such, this evidence is not new for the purposes of 20 C.F.R. § 404.970(a)(5), *see Threet*, 353 F.3d 1191, and there is not a "reasonable probability" that the CRC's opinion of this evidence "would change the outcome of the [ALJ's] decision." 20 C.F.R. § 404.970(a)(5).

### B. The ALJ's Evaluation of Opinion Evidence

ALJ Ballengee's unfavorable decision was based, in part, on a consideration of opinion evidence provided by Dr. Kainth and PA Nipper. At the time of the ALJ's decision, licensed physicians, such as Dr. Kainth, qualified as "acceptable medical sources" whereas physicians assistants, including PA Nipper, were considered "non-acceptable medical sources" (hereinafter "other sources"). While only an "acceptable medical source" can give medical opinions, establish the existence of a medically determinable impairment, and be considered a treating source, SSR 06-03p, 2006 WL2329939, at *2 (August 9, 2006), information from "other sources" "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* Accordingly, an ALJ is required to consider and weigh every opinion contained in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c), (f).

In determining what weight to give to an opinion, the ALJ evaluates several factors including, inter alia, the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight

the adjudicator gave to the…opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted). Additionally, the ALJ's decision must provide the Court "with a sufficient basis to determine that appropriate legal principles have been followed." *Byron*, 742 F.2d 1232, 1235 (10th Cir. 1984).

The Court finds that ALJ Ballengee properly considered the evidence in question. This evidence is thoroughly discussed in the parties' respective briefings and it would serve no purpose to recount it in its entirety once again. The relevant portions will be discussed below.

1. Dr. Kainth

On August 24, 2016, Dr. Kainth completed a Medical Assessment of Plaintiff's Ability to Do Work Related Activities (AR 705-06), wherein he noted that, because Plaintiff was recovering from surgery, she was limited to lifting less than five pounds, both frequently and occasionally, standing less than two hours in an eight hour workday, and sitting less than four hours in an eight-hour workday. (AR 705). Dr. Kainth further stated that Plaintiff suffered from severe pain which caused fatigue and moderate limitations in her abilities to maintain attention and concentration, perform activities within a schedule, maintain physical effort for long periods, and complete a normal workday and workweek. (AR 706).

ALJ Ballengee gave Dr. Kainth's opinion "little weight" finding it "inconsistent with the record as a whole, and because it was rendered before later evidence." (AR 136). ALJ Ballengee explained that the only support Dr. Kainth provided for his opinion was that Plaintiff was recovering from surgery and that by December 2017, Plaintiff had a normal gait and a negative straight leg test. (*Id.*).

ALJ Ballengee provided specific, legitimate reasons for assigning limited weight to Dr. Kainth's opinion; namely, inconsistency and lack of support. *See Chapo v. Astrue*, 682 F.3d

1285, 1291 (10th Cir. 2012). *See also* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion"). ALJ Ballengee's explanation is further corroborated by Dr. Kainth's treatment notes which are limited to discussing Plaintiff's surgeries and related recovery. *See, e.g.*, AR 764-787.

2. PA Nipper

On March 5, 2018, PA Nipper completed an assessment of Plaintiff's work related limitations and opined that Plaintiff was able to lift less than five pounds frequently and ten pounds occasionally, could sit for less than two hours in an eight hour workday, must periodically alternate between sitting and standing, and was unable to engage in keyboarding. (AR 925). She added that Plaintiff had severe pain with anxiety and marked limitations in her abilities to perform activities within a schedule, maintain physical effort, and complete a normal workday and workweek. When asked what medical findings supported the assessment, PA Nipper wrote simply, "patient reported." (AR 925-26). ALJ Ballengee afforded "little weight" to this opinion, too, on the ground that PA Nipper did not provide any relevant evidence or medical explanation for her findings and, instead, based her opinions entirely upon Plaintiff's self-reports. (AR 137). ALJ Ballengee also stated that PA Nipper is not an acceptable medical source and that she lacks program knowledge of Social Security disability programs and requirements. (*Id.*).

The Court notes that PA Nipper's status as an "other source" and level of program knowledge are not sufficient reasons to reject the opinion outright. However, ALJ Ballengee properly determined that the opinion lacked support. The opinion is void of any reference to the medical issues underlying Plaintiff's alleged limitations and, in fact, fails to offer any insight as to PA Nipper's judgment about the nature and severity of Plaintiff's impairments. See 20 C.F.R.

§ 404.1527(a)(1), (f)(1) (defining opinions as statements that reflect the *source's* view of the claimant's impairments). And, PA Nipper's treatment notes actually indicate that Plaintiff had a normal gait and full strength in her lower extremities, (AR 791, 796), and that she "had improvement in her symptoms and the pain [was] controlled while participating in conservative treatment measures." (AR 791).

ALJ Ballengee provided substantial evidence to support his determination that PA Nipper's opinion was entitled to little weight and thus the Court finds no grounds for reversal. *See Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007) ("As long as substantial evidence supports the ALJ's determination, the [Commissioner's] decision stands.") (quotation omitted).

### C. The ALJ's Evaluation of Plaintiff's Symptoms

In evaluating the effects of a claimant's symptoms, the ALJ must examine the entire record, "including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2016 WL 1119029, at *4 (March 16, 2016). The ALJ also considers the factors set forth in 20 CFR § 404.1529(c)(3) and 416.929(c)(3) which include:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7.

During her administrative hearing, Plaintiff testified that she suffers from severe pain that limits her ability to sit, stand, bend, lift, and take care of her daily needs. (157-166). She stated that her husband does "just about everything" for her and that her anxiety and insomnia causes "too much confusion" for her to focus on work. (AR 165-66). Plaintiff further testified that she stopped going to physical therapy because it caused her "a lot of pain," (AR 158) and that she has not received treatment for her anxiety. (AR 162).

In considering these claims, ALJ Ballengee determined that Plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms" but that her "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (AR 135). Plaintiff argues that the ALJ failed to consider properly her subjective allegations of disabling pain. Here, Plaintiff claims that ALJ Ballengee did not analyze her "persistent attempts to treat her chronic low back pain…and instead relied on her daily activities to minimize her reports of pain." (Doc. 18, p. 24). The Court disagrees.

Throughout his decision, ALJ Ballengee discussed Plaintiff's complaints of pain in conjunction with both objective medical evidence, which showed that Plaintiff's symptoms were controlled, (AR 135, 791), and Plaintiff's self-reported status updates regarding her quality of life and abilities. (AR 133-36). For example, ALJ Ballengee noted that medical records from December 12, 2017, show that Plaintiff stated that her pain is exacerbated by prolonged sitting and standing, but she also reported that she had a "very good quality of life and health status" and usually walked one mile a day. (AR 135, 709). Additionally, ALJ Ballengee contrasted Plaintiff's pain allegations with her statements that she "was able to manage light to medium

weights if conveniently positioned," (AR 135), and had less pain following a physical therapy session. (AR 134).

Plaintiff's request that the Court consider evidence which Plaintiff believes supports her allegations of disabling pain is an invitation to reweigh the evidence of record. This the Court cannot and will not do. *Allman*, 813 F.3d 1326, 1333 (10th Cir. 2016).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's arguments do not warrant disturbance of the ALJ's decision.

**THE COURT, THEREFORE, ORDERS** that Plaintiff's Motion to Reverse and Remand for Rehearing (Doc. 18) is hereby **DENIED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE